UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHANE ALBERT RICHARDS                                              PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 5:11CV7-DCB-RHW

UNKNOWN CALLAHAN et al                                          DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter is before the Court on pro se Plaintiff Shane Albert Richard's [19] Motion to Dismiss. Richards filed a complaint on January 27, 2011, alleging violations of his rights incident to confinement at the Adams County Correctional Facility. On April 5, 2011, the Court granted Richards' motion to amend his complaint. On April 26, 2011, Richards then requested additional time to serve process. By [13] Order dated April 29, 2011, the Court granted Richards until September 1, 2011, to complete service of process. Richards did not effect service of process by the September 1st deadline. On October 5, 2011, the Court entered an [14] Order to Show Cause based on Richards' failure to effect service of process as required by Fed. R. Civ. P. 4(m). Richards responded to the order to show cause and requested additional time to serve process. By "Text Only Order" dated November 10, 2011, the Court set a deadline of March 5, 2011, for Richards to execute service of process. To date, summons has not issued; and Richards has not served Defendants with process.

On February 28, 2012, Richards filed the instant motion to dismiss. In the motion, he explains that he may not be able to stay in the United States pending immigration proceedings; therefore, he does not feel he is in a position to serve Defendants with process. Rule 41(a) of the Federal Rules of Civil Procedure allows for a plaintiff to voluntarily dismiss his lawsuit by filing

a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Such a dismissal is considered to be without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  In this case, Richards has not yet served process.  Consequently, Defendants have not filed an answer or motion for summary judgment.  Technically Richards does not need the Court permission to dismiss his complaint at this stage of the proceedings.  Nevertheless, in light of his formal request, the undersigned finds that Richards' motion to dismiss should be granted.

## RECOMMENDATION

The undersigned recommends that Plaintiff's [19] motion to dismiss be granted and that the complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 22nd day of March, 2012.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE